SUCESIÓN APONTE ET AL., DEMANDANTES Y APELANTES, *v.*
SAMPAYO, DEMANDADO Y APELADO.

No. 2989.—*Visto:* Noviembre 9, 1923.   *Resuelto:* Enero 30, 1925.

DAÑOS Y PERJUICIOS—NEGLIGENCIA.—A eso de las nueve de la noche el demandado,
quien dormía en una cama separada, aunque en la misma habitación con su
esposa e hijos, se despertó a los gritos de su esposa que decía que en su
habitación había una persona y que alguien había tocado su cama.  La esposa
también había llamado al ama de llaves, si bien el marido niega haber oído
esto.  El ama de llaves al momento respondió a la llamada de la esposa; y
el marido sin una palabra de aviso, o pregunta, hizo cuatro disparos de
revólver hacia lo que vió figurado más o menos indistintamente en la semi-
obscuridad del cuarto-habitación, causando la muerte al ama de llaves.  De-
mandado el marido en reclamación de daños y perjuicios por el esposo y la
hija del ama de llaves, *se resolvió:* que en ausencia de una explicación satis-
factoria en cuanto a la razón que tuvo para temer que se le causara daño o
que tuvo algún motivo para creer que la persona contra quien disparó no
era un miembro de su familia, es preciso concluir que la muerte fué obra
de una intención más bien que de un accidente, por lo que el demandado es
responsable de la negligencia que se le imputa.

SENTENCIA de *P. Berga,* J. (Humacao), en una acción de daños y
perjuicios, declarando con lugar la demanda, sin costas.  *Revo-
cada.*

*F. Cervoni,* abogado de los apelantes; *L. Pereyó Quiñones,* abogado
del apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del
tribunal.

Doña Zenén Aponte estaba empleada como ama de llaves
en la casa del demandado y con su hija Margarita dormía
en una habitación contigua a la ocupada por el demandado
con su esposa e hijos.  El marido y la mujer dormían en
camas separadas.  A eso de las 9 de la noche el demandado
se despertó a los gritos de su esposa que decía que en su
habitación había una persona y que alguien había tocado su
cama.  La esposa también había llamado a la ama de lla-
ves, si bien el marido niega haber oído esto.  El ama de
llaves al momento respondió a la llamada de la esposa; y
el marido sin una palabra de aviso, o pregunta, hizo cuatro
disparos de revólver hacia lo que vió figurado más o me-
nos indistintamente en la semioscuridad del cuarto-habita-

ción.   Tres de las balas hicieron blanco y la presente acción se establece por el esposo sobreviviente y la hija de la finada Zenén Aponte, por daños y perjuicios con motivo de la muerte de su madre que se alega fué causada por el acto negligente o ilegal del demandado.

La corte inferior después de celebrar un juicio sobre los méritos dictó sentencia a favor del demandado, fundada al parecer en la teoría de ser éste un accidente desgraciado y la ausencia de todo deber por parte del demandado hacia el ama de llaves.   El juez sentenciador también expresa en su opinión que el demandado actuó en defensa propia ante el grave e inminente peligro en que se encontraba.

El demandado admitió al declarar como testigo que no tenía dinero o efectos de valor en la habitación y lo que es más, en su declaración no hay una sola palabra a manera de manifestación directa con respecto de lo que pensó en el momento, o de cuál fué el motivo que impulsó su proceder, o con relación a la hipótesis por virtud de la cual él disparó. El no sólo dejó de alegar alguna razón para temer que se le causara daño, sino que ni siquiera dice que creyó que se encontraba en peligro.

Aunque no hay nada que indique que el demandado reconoció a su ama de llaves, o que siquiera sospechó que era ella el blanco, es asimismo claro que su objeto era dar muerte a una persona y que la muerte fué consecuencia de una intensión más bien que de un accidente, a pesar de no haberse identificado la víctima antes del suceso.   También parece demasiado claro para discutirse que la manifestación hecha por la mujer herida al Fiscal del Distrito en el sentido de que el acusado no era culpable, en la cual se ha hecho cierta insistencia por el juez sentenciador, en manera alguna es concluyente sobre ese punto.

Sin embargo, la teoría del abogado de los demandantes parece admitir que la esencia de la acción estriba en dejarse de observar el debido cuidado y cautela en el cumplimiento de lo que a no ser por tal omisión hubiera sido un acto le-

gal. Ni tampoco estaríamos dispuestos a exigir investigación más extensa, o el tomarse precauciones extraordinarias para evitar cualquier posible error en cuanto a la identidad en casos de esta naturaleza.

Por otra parte, el hecho de que el ama de llaves y su hija ocuparan una habitación contigua; que la esposa del demandado llamara al ama de llaves así como al demandado y que el ama de llaves respondiera inmediatamente a la llamada, ofrecen prueba elocuente de la clase de relaciones que existían entre la familia del demandado y doña Zenén. Dentro de las circunstancias, estamos obligados a declarar que los demandantes lograron establecer un caso *prima facie* que exigía algo más como defensa que la mera manifestación hecha de que el demandado se despertó al grito de una mujer atemorizada quien, si bien ella misma estaba medio dormida, se había imaginado que alguien se encontraba en la habitación; y que al ser despertado notó que alguien estaba en la habitación—alguno que hubiera sido, de lo que aparece de los autos—la misma esposa o cualquiera de los hijos.

Aceptando aunque sin resolver, que el acto de matar a un transgresor por la noche en la habitación dormitorio del matador es un homicidio justificable, sin embargo, dentro de las circunstancias de este caso en particular incumbía al demandado, si es que tenía algún motivo razonable para creer que la persona a quien disparó no era un miembro de su misma familia o casa, expresar la razón de tal creencia.

Puede ser cierto que una o dos palabras del demandado acerca de esto hubiera sido bastante para sostener la sentencia, la cual aun en la forma en que subsiste hemos tenido dudas al revocar; pero alguna demostración como esta, por insignificante que sea, la requería la situación como fué desarrollada en el juicio; y faltando no podemos convenir con el criterio del juez sentenciador de que el demandado no tenía ninguna obligación y no era culpable de negligencia alguna. Sostener otra cosa sería eximir a toda persona tí-

mida y nerviosa, así como todo hombre impulsivo y descuidado, de su deber y responsabilidad no sólo para con los miembros de su casa sino hasta para con los de su propia familia que ocupan un mismo cuarto-habitación.

*La sentencia apelada debe ser revocada* y en su lugar esta corte debe dictar sentencia a favor de los demandantes y en contra del demandado, concediendo al esposo sobreviviente la suma de $1,000 y a su hija la de $2,500, por daños y perjuicios, debiendo cada parte pagar sus costas.

El Juez Asociado Sr. Franco Soto disintió.